Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 97 C 514 | Date | October 30, 2000 |
| Case Title | USA ex rel Chandler  v  The Hektoen Institute, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ ☐ Ruling / Hearing on _____ set for _____ at _____
(5) ✓ Status hearing ☐ held ☐ continued to ✓ set for ☐ re-set for 11/2/00 at 9:00 a.m.
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
   ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ✓ [Other docket entry]

Opinion and order entered. Accordingly, defendant Cook County's motion to reconsider the ruling of 2/8/99 is granted and this action is *dismissed* with prejudice against the County.

(11) ✓ [For further detail see ☐ order on the reverse of ✓ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | FILED FOR DOCKETING  NOV 01 2000 | date docketed |
| | Notified counsel by telephone. | 00 OCT 31 PM 12:26 | |
| | Docketing to mail notices. | | docketing dpty. initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate Judge. | | date mailed notice |
| *bl* | courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials |

Document # 144

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel. | ) |
| JANET CHANDLER, Ph.D., | ) |
| | ) |
| Plaintiff, | ) No. 97 C 514 |
| | ) |
| v. | ) Judge Robert Gettleman |
| | ) |
| THE HEKTOEN INSTITUTE FOR MEDICAL | ) |
| RESEARCH and COOK COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

DOCKETED NOV 0 1 2000

## OPINION AND ORDER

Plaintiff/relator, Janet Chandler, has brought this qui tam action on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. The claims and the facts of the case are described in the court's previous opinion, U.S. ex rel. Chandler v. Hektoen Institute, 35 F. Supp. 2d 1078 ("Chandler I"), and will not be repeated here.

In Chandler I, the court dismissed defendant Cook County Hospital, and denied the remaining defendants' motions to dismiss, finding that, (1) Cook County was a "person" for purposes of the FCA, and that the FCA's treble damages provision is compensatory rather than punitive. Id., at 1086. Cook County has filed a motion to reconsider those conclusions in light of the recent decision in Vermont Agency of Nat. Resources v. United States ex rel. Stevens, ___ U.S. ___, 120 S.Ct. 858 (2000), issued after this court's ruling Chandler I, in which the Supreme Court held that a state is not a "person" subject to qui tam liability under the FCA, and that the treble damages provisions of the FCA are (contrary to this court's holding in Chandler I) punitive rather than compensatory. Id., 120 S.Ct. at 1869; see also Perez v. Z Frank Oldsmobile, Inc., 223

F.3d 617 (7th Cir. 2000). The court ordered briefing by the parties, and allowed the United States to file an amicus curiae brief in support of plaintiff's position.

Although this court finds no reason to alter its conclusion that the County is a "person" for purposes of the FCA, it is quite clear that under Stevens the County is immune from the imposition of punitive damages, which are mandatory if liability is found under the FCA. Plaintiff and the United States argue that, assuming the court reaches this conclusion, the court would be authorized to award lesser damages in order to allow this case to be continued against the County, suggesting that the court could award double damages (which have been held to be remedial rather than punitive; see United States v. Bornstein, 423 U.S. 303, 315 (1976)). The court agrees with the County, however, that the court has no authority to rewrite the FCA in such a manner. As noted by the Stevens Court, the FCA allows a reduction in the mandatory treble damages only in certain instances, none of which are present in the instant case. See Stevens, 120 S.Ct. at 1869, n. 16.

The arguments advanced by plaintiff and the United States in the instant case were recently presented to and rejected by the United States District Court for the Eastern District of Pennsylvania. In a well-reasoned decision, which this court adopts, Judge O'Neill, relying on Stevens and noting this court's earlier decision in Chandler I, held that the treble damages mandated by the FCA are punitive and may not be imposed on a county. United States ex. rel. Dunleavy v. The County of Delaware, 2000 U.S. Dist. LEXIS 14980 (E.D. Pa., Oct. 12, 2000). This court cannot improve on Judge O'Neill's reasoning, and therefore concludes that the County is immune from prosecution under the FCA because it is immune from any award or claim for punitive damages.

2

Accordingly, Cook County's motion to reconsider the ruling of February 8, 1999, is granted, and this action is dismissed with prejudice against the County. This matter is set for a report on status regarding the remaining defendant on November 2, 2000, at 9:00 a.m.


**ENTER:** October 30, 2000

_____
**Robert W. Gettleman
United States District Judge**